## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. | LARRY K. BURDICK, | ) |
| | Plaintiff, | ) ) ) |
| v. | | )    Case No. CIV-2016- 804-F |
| 1. | SEAGATE US, LLC, | )    JURY TRIAL DEMANDED |
| 2. | SEAGATE TECHNOLOGY, OCO, | )    ATTORNEY LIEN CLAIMED ) |
| | Defendants. | ) ) |

### COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action herein alleges:

### PARTIES

1.  The Plaintiff is Larry Burdick, an adult resident of Canadian County, Oklahoma.

2.  The Defendants are:

    A.   Seagate US, LLC, a foreign limited liability company doing business in Canadian County, Oklahoma; and

    B.   Seagate Technology, OCO, a business entity operating in Canadian County, Oklahoma.

### JURISDICTION AND VENUE

3.  Plaintiff's claims are for age discrimination, including termination, and retaliation, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and the Oklahoma Anti-Discrimination Act. Jurisdiction over the federal claims is vested in this Court under, and 28 U.S.C. § 1331. Because the state law claims arise out of the same core of facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a).

4.  Plaintiff's termination took place in Canadian County, Oklahoma and the Defendants may be served in that county.  Canadian County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court

under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.    Defendants have twenty (20), or more employees for each working day in each of twenty (20), or more calendar weeks in the current, or preceding calendar year, and are covered employers under the ADEA.  There is no minimum employee requirement to be liable under Oklahoma's Anti-discrimination Act.

6.    Plaintiff was employed as a junior recovery engineering technician by the Defendants from around June 2014, until he was terminated around September 9, 2015.

7.    Plaintiff performed his job duties satisfactorily.

8.    Plaintiff possessed all qualifications necessary to continue performing his job.

9.    Plaintiff was approximately forty-seven (47) years old at the time of his termination.

10.   Upon information, and belief, Plaintiff was significantly older than the other employees of Defendant within his department, other than one.

11.   Plaintiff complained verbally to his supervisor, Nate Nally, about being treated differently than the other employees due to his age approximately five times, however Mr. Nally responded with progressively worsening hostility to Plaintiff's complaints. After Plaintiff's final complaint to Nally, Nally inquired what Plaintiff would do if the other guys "got physical" with him. Plaintiff responded that he did not understand, but would defend himself. Mr. Nally responded that no, Plaintiff would be fired.

12.   Thereafter, Plaintiff made his first complaint to Julie Odom, human resources, in or around November 2014, in which Plaintiff explained he felt he was being left out because of his age, including having shorter lunch breaks, and less training.

13.   After the first complaint to Ms. Odom, Plaintiff's manager, Nate Nally, as well as other coworkers, became more hostile toward Plaintiff, including telling Plaintiff he needed to "know his place," to "not try so hard," and treated Plaintiff less favorably

than his coworkers. Such treatment worsened over time.

14.     Around March 2015 Plaintiff again complained to Ms. Odom about age discrimination and the treatment he received after his initial complaint. Ms. Odom appeared angry that Plaintiff complained a second time, and responded that they would have to look up some things, and telling Plaintiff she had other things to do. To Plaintiff's knowledge no remedial action was taken.

15.     After this second complaint, Plaintiff was required to have meetings with Paul Steele, Director of Recovery Services, during which meetings Mr. Steele discouraged Plaintiff from making future complaints.

16.     After Plaintiff's second complaint to human resources, Mr. Nally would also leave Plaintiff out of meetings, and generally schedule meetings which the Plaintiff could not attend.

17.     On, or around June 25, 2015, Plaintiff made a complaint of discrimination and retaliation to Laura Di Piero, human resources, due to the ineffective responses to Plaintiff's prior complaints.

18.     After conducting an "investigation" Plaintiff received a determination that there was no support found for his complaints on or around July 27, 2015, and instructed Plaintiff to stop making complaints to human resources.

19.     Despite his qualifications, and satisfactory performance, Plaintiff was terminated from his job as part of a claimed Reduction in Force (RIF) on, or around September 9, 2015. The claimed RIF did not eliminate Plaintiff's job, and other younger employees were retained at the time Plaintiff was let go.

20.     Although the claimed reason for the termination was a RIF, this claim was a mere pretext for discrimination.  Shortly after the claimed RIF, Plaintiff's position was given to a younger, less qualified, and less experienced employee of Defendant.

21.     At the least Plaintiff's termination was motivated by his age, and/or his complaints

of age discrimination.

22.     Plaintiff timely filed a charge of discrimination on or about October 28, 2015, based on his termination and retaliation.  Plaintiff was issued his right to sue letter on or about May 11, 2016, and has filed this action within ninety (90) days of the receipt of such letter.  By these actions Plaintiff has satisfied all administrative requisites for filing this action.

23.     Discrimination on the basis of age violates the Age Discrimination in Employment Act and OADA.

24.     As the direct result of Defendant's age discriminatory actions, Plaintiff suffered damages in the form of lost wages.

25.     Plaintiff is entitled to compensation for lost wages (past, present and future including the value of benefits associated with such wages), punitive damages, attorney fees and costs, and liquidated damages.  Willfulness is not required to recover liquidated damages under the state law claim, however, such actions were a willful violation of Plaintiff's rights.

**WHEREFORE,** Plaintiff prays that he be granted judgment in his favor and against the Defendant on all of his claims and that this Court grant the Plaintiff all available compensatory damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 15th DAY OF JULY, 2016**.

HAMMONS, GOWENS, HURST
& ASSOCIATES

s/ Leah M. Roper
Mark Hammons, OBA #3784
Amber L. Hurst, OBA # 21231
Leah M. Roper, OBA # 32107
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
mark@hammonslaw.com
amberh@hammonslaw.com
leah@hammonslaw.com
Jury Trial Demanded
Attorney Lien Claimed
*Counsel for Plaintiff*